BERNARDO MENDIA
**Mailing Address for Plaintiff**
50 Califonria Street, Suite 1500
San Francisco, California 94111
E: berniemendia@yahoo.com
T: (415) 439-5245

Plaintiff

FILED

NOV 12 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

RECEIVED

2020 NOV 12 P 12: 00

SUSAN Y. SOONG
CLERK. US DISTRICT COURT
NO. DIST. OF CA.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KAW

CV 20    8090

| | |
|---|---|
| BERNARDO MENDIA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRECKENRIDGE PROPERTY FUND 2016 LLC; WEDGEWOOD ENTERPRISE CORPORATION; GREGORY L. GEISER; SAM CHANDRA; LUKE A. SINKINSON; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.:_____<br><br>**VERIFIED COMPLAINT FOR VIOLATIONS OF THE SHERMAN ACT, CARTWRIGHT ACT, CALIFORNIA UNFAIR COMPETITION LAW, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BERNARDO MENDIA complains and alleges as follows:

### NATURE OF THIS ACTION

1. Plaintiff brings this action before this Court to seek redress of antitrust violations under the Sherman Act, the Cartwright Act, and California Unfair Competition law of named Defendants along with unknown DOE defendants as well as injunctive relief, civil penalties, and damages (both specific and general).

2. Plaintiff is a 50% equity owner of real property commonly known as 245 Oriole Court in Hercules (California), which is located within the jurisdictional limits of Contra Costa County and within the Jurisdictional limits of the United States District Court for the Northern District of California. (*hereinafter* "245 Oriole Court")

1

3.  Defendants, specifically Breckenridge Property Fund 2016, is seeking to perfect title and possession of 245 Oriole Court under the contention that it was lawfully procured at a foreclosure action to which Plaintiff seeks injunctive relief during the pendency of this action.

4.  Defendants, both named and unnamed DOE defendants, engaged in a scheme to unlawfully obstruct commerce by engaging in antitrust conduct including but not limited to bid rigging in violation of the Sherman Act, the Cartwright Act, and California Unfair Competition law.

5.  Defendants, both named and unnamed DOE defendants, seek to unlawfully deprive Plaintiff of the access and title to 245 Oriole Court as well as to deprive Plaintiff of title and access of other real property located within the jurisdictional limits of this Court to which Plaintiff has an equity interest in.

6.  Defendants, both named and unnamed DOE defendants, engaged in a scheme similar to the one used by Michael Marr in that shell companies were formed and utilized to give the "impression" that there was competition at foreclosure actions when in fact there was little if any competition. That unlawful conduct both deprived property owners of the real equity value of their real property and rendered the underlying transaction void to which Defendants would then utilize the state court to dislodge the affected parties from the real estate assets in question thereby permanently depriving affected parties of any and all remedies.

7.  Michael Marr utilized a series of shell companies to make it appear as there was competition in the foreclosure auction marketplace including but not limited to the following: Community Fund LLC; Community Fund 2 LLC; Community Realty Property Management Inc.; Community Realty & Investments; Marr Redler & Associates Inc.; Esmond Avenue Townhomes Association; 1032 Cri Inc; 1831 Cri Inc.; Community Loans JV LLC; and Bidsmart LLC.

8.  Michael Marr was indicted in 2014 for unlawfully obstructing commerce under the provisions of 15 USC § 1 and was convicted by jury trial before this Court.

9.  In a similar criminal case involving similar unlawful conduct, Wayne Lippman pled guilty in 2015 under a plea agreement with the Antitrust Division of the United States Department of Justice.

10. Plaintiff under belief and information alleges that there are at least 39 other plaintiffs with similar causes of action and related damages within the jurisdictional limits of this Court that could bring forth actions against defendant Wedgewood Enterprise Corporation or Gregory L. Geiser under the Sherman Act, the Cartwright Act, or California Unfair Competition law – thereby potentially making this action a class action lawsuit.

///

2

## JURISDICTION AND VENUE

11. This complaint alleges violations of the Sherman Act, 15 USC § 1. It is filed under, and jurisdiction is conferred upon this Court by §§ 4, 12, and 16 of the Clayton Act, 15 USC §§ 15, 22, and 26. Plaintiff also alleges violations of State antitrust, consumer protection, and/or unfair competition and related laws, and seeks civil penalties, and/or other equitable relief under those State laws. All claims under federal and state law are based upon a common nucleus of operative facts, and the entire action commenced by this complaint constitutes a single case that would ordinarily be tried in one judicial proceeding.

12. The Court has further jurisdiction over the federal claims under 28 USC §§ 1331 and 1337. The Court has jurisdiction over the state claims under 28 USC 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

13. Venue is proper is this District under 15 USC § 22 and 28 USC § 1391 because named Defendants and presumably unnamed DOE defendants transact business, committed an illegal or tortious act, and is found in this District, within the meaning and scope of 15 USC § 22 California Business and Professions Code § 16720, and 28 USC 1391(b)(2), to which a substantial part of the events giving rise to the claims arose in this District.

14. The activities of named Defendants and unnamed DOE defendants, as described, herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

## PARTIES

15. Plaintiff, BERNARDO MENDIA, is a natural person.

16. Defendant BRECKENRIDGE PROPERTY FUND 2016 LLC is a Delaware Limited Liability Company conducting business within the jurisdictional limits of this Court including but not limited to Contra Costa County and Alameda County.

17. Defendant WEDGEWOOD ENTERPRISE CORPORATION is a California corporation conducting business within the jurisdictional limits of this Court including but not limited to Contra Costa County and Alameda County.

18. Defendant GREGORY L. GEISER is a natural person and a corporate officer of defendant WEDGEWOOD ENTERPRISE CORPORATION, conducts business within the jurisdictional limits of this Court including but not limited to Contra Costa County and Alameda County, has had prior and continuing knowledge of his co-defendants to which he has condoned such conduct or in the

alternative has participated in the unlawful conduct complained about in this complaint as a corporate officer of defendant WEDGEWOOD ENTERPRISE CORPORATION or defendant BRECKENRIDGE PROPERTY FUND 2016 LLC.

19. Defendant SAM CHANDRA is a natural person and attorney for defendant BRECKENRIDGE PROPERTY FUND 2016 LLC to which Defendant has engaged in unlawful conduct in criminal violation of at least 15 USC § 1 with defendant BRECKENRIDGE PROPERTY FUND 2016 LLC to which there would be no attorney-client privilege under the crime or fraud exception.

20. Defendant LUKE A. SINKINSON is a natural person and attorney for defendant BRECKENRIDGE PROPERTY FUND 2016 LLC to which Defendant has engaged in unlawful conduct in criminal violation of at least 15 USC § 1 with defendant BRECKENRIDGE PROPERTY FUND 2016 LLC to which there would be no attorney-client privilege under the crime or fraud exception.

21. For the purposes of brevity, all references to Defendant or Defendants shall refer to "Defendants and each of them", being defendants: BRECKENRIDGE PROPERTY FUND 2016 LLC; WEDGEWOOD ENTERPRISE CORPORATION; GREGORY L. GEISER; SAM CHANDRA; LUKE A. SINKINSON; and unnamed DOE Defendants.

22. At all times mentioned in this complaint, unless otherwise alleged, each Defendant was the agent, employee, and co-conspirator of every other Defendant, and in doing the acts alleged in this complaint which includes omissions, was acting within the course, scope and authority of that agency, employment, and in the furtherance of the conspiracy and with knowledge and consent of each of the other Defendants.

23. Plaintiff is ignorant of the true names and capacities (whether individual, corporate, associate, or otherwise) of defendants BRECKENRIDGE PROPERTY FUND 2016 LLC, WEDGEWOOD ENTERPRISE CORPORATION, GREGORY L. GEISER, SAM CHANDRA, and LUKE A. SINKINSON sued herein under the fictitious names of DOES 1 through 100, inclusive. Plaintiff is informed and believes, and on that basis alleges, that these DOE defendants, and each of them, are in some manner responsible and liable for the acts and/or damages alleged in this verified complaint. Plaintiff will amend this complaint to allege the DOE defendants' true names and capacities when they have been ascertained.

///

///

**GENERAL ALLEGATIONS**

24. Defendant BRECKENRIDGE PROPERTY FUND 2016 LLC is a business entity associated with defendant WEDGEWOOD ENTERPRISE CORPORATION which is headed by defendant GREGORY L. GEISER who is a corporate officer of said party.

25. Part of the business model of these three Defendants is to acquire real property offered for sale at foreclosure actions throughout the state of California, but specifically within Contra Costa County and Alameda County.

26. So as to give the appearance that there is in fact competition among the bidders at the aforementioned foreclosure actions, the above named three Defendants along with unnamed DOE defendants have engaged in a scheme to create various business entities that "compete" and purportedly bid at fair market value for the properties to be acquired during the foreclosure action process.

27. This pattern and practice of creating various business entities that "compete" and purportedly bid at fair market value is the same conduct of which Michael Marr was indicted for by the Antitrust Division of the United States Department of Justice and was found guilty of violating federal antitrust laws at trial.

28. This pattern and practice of artificially suppressing foreclosure action bids is the same conduct of which Wayne Lippman pled guilty to under a plea agreement with the Antitrust Division of the United States Department of Justice.

29. Under the direction of defendant GREGORY L. GEISER, defendant BRECKENRIDGE PROPERTY FUND 2016 along with defendant WEDGEWOOD ENTERPRISE CORPORATION would retain the services of various attorneys to perfect title and possession of the real estate assets unlawfully acquired through foreclosure auctions, which made these participating attorneys accessories to the criminal unlawful conduct complained about in this complaint.

30. Because of the crime and fraud exemption to the doctrine of the "attorney-client" privilege, there does not exist any attorney-client privilege between defendants SAM CHANDRA and LUKE A. SINKINSON and their client defendant BRECKENRIDGE PROPERTY FUND 2016.

31. Defendant SAM CHANDRA and defendant LUKE A. SINKINSON have engaged and continue to engage in a pattern and practice of perfecting the unlawful conduct of defendant GREGORY L. GEISER, defendant BRECKENRIDGE PROPERTY FUND 2016, and defendant WEDGEWOOD ENTERPRISE CORPORATION.

32. Specifically, defendant SAM CHANDRA and defendant LUKE A. SINKINSON are actively engaged in conduct to perfect title and possession of 245 Oriole Court.

## VIOLATIONS ALLEGED

### I. Violation of Section 1 of the Sherman Act

33. Plaintiff incorporates by reference as though fully set forth herein, each and every preceding paragraph of this complaint.

34. The adverse actions by Defendants against the real property interests of Plaintiff specific to 245 Oriole Court and other real property within the jurisdictional limits of this Court to which Plaintiff has an equity interest in including but not limited to 2928 Magnolia Street in Oakland (California) are *per se* unlawful under Section 1 of the Sherman Act, 15 USC §.

35. Defendants have engaged in course of conduct that unlawfully restricts and limits commerce in the bidding process at foreclosure actions in Contra Costa County and Alameda County to which this plaintiff and numerous other parties as *potential plaintiffs* have been injured.

36. Defendants formed and effectuated agreements, understandings, or conspiracies to control the acquisition process at foreclosure auctions so as to restrict and limit trade while at the same time actively and purposefully giving the impression that there was active competition by the employment of multiple independent bidders when in fact there was unlawfully limited competition in that said bidders were all in the same and under the direction of defendant GREGORY L. GEISER and defendant WEDGEWOOD ENTERPRISE CORPORATION.

### II. Violation of the Cartwright Act, Business & Professions Code Section 16720

37. Plaintiff incorporates by reference as though fully set forth herein, each and every preceding paragraph of this complaint.

38. Defendants and its co-conspirators unlawfully conduct as alleged in this complaint was substantially executed and effectuated within the State of California, to which the complained about conduct injured natural persons including but not limited to Plaintiff.

39. Beginning at least in 2016 and continuing thereafter to the present, Defendants and its co-conspirators entered into and engaged in a continuing unlawful trust for the purposes of unreasonably restraining trade in violation of Section 16720 of the California Business and Professions Code.

40. These violations of Section 16720 of the California Business and Professions Code, consisted, without limitation, of a continuing unlawful trust and concert of action among defendant BRECKENRIDGE PROPERTY FUND 2016 and defendant WEDGEWOOD ENTERPRISE

6

CORPORATION with their co-conspirators in the restrictions on commerce in the acquisition of real estate assets at foreclosure auctions held within the past five-years within the jurisdictional limits of this Court.

41. As a direct and proximate result of Defendants violations of Section 16720 of the California Business and Professions Code, natural personas in the State of California not limited to Plaintiff were injured in their property in that they were deprived the full equity of their real estate asset(s).

**III. For Violation of the Unfair Competition Law, Business & Professions Code Section 17200**

42. Plaintiff incorporates by reference as though fully set forth herein, each and every preceding paragraph of this complaint.

43. Beginning at least in 2016 and continuing thereafter to the present, Defendants committed acts of unfair competition, as defined by Sections 17200, *et seq.* of the California Business and Professions Code.

44. The acts, omissions, misrepresentations, and practices of Defendants, as alleged herein, constituted unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of California Business and Professions Code, Sections 17200, *et seq.*, including, but not limited to, the following:

   a. The violations of Sections 16720, *et seq.*, of the California Business and Professions Code, thus consisting unlawful acts within the meaning of Section 17200 of the California Business and professions Code;

   b. The violation of Section 16600 of the California Business and Professions Code, thus constituting unlawful acts within the meaning of Section 17200 of the California and Business Professions Code.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests:

(A) the Court issue a preliminary injunction maintaining the status quo with regards to the real property interests of Plaintiff in regards 245 Oriole Court ;

(B) the Court issue a preliminary injunction maintaining the status quo with regards to the real property interests of Plaintiff in which any co-conspirator of Defendants is a party to;

(C) the Court adjudge and decree that the pattern and practice as it relates to the act of acquiring real estate between Defendants and their co-conspirators in the limiting of the

bidding process at foreclosure actions constitutes an illegal restraint of trade and commerce in violation of Section 1 of the Sherman Act;

(D) the Court adjudge and decree that the pattern and practice as it relates to the act of acquiring real estate between Defendants and their co-conspirators in the limiting of the bidding process at foreclosure actions constitutes an illegal restraint of trade in violation of eh Cartwright Act, Section 16720, *et seq.*, of the California Business and Professions Code;

(E) the Court adjudge and decree that the pattern and practice as it relates to the act of acquiring real estate between Defendants and their co-conspirators violates the Unfair Competition Law, Sections 17200, *et seq.* of the California Business and Professions Code;

(F) that Defendants be permanently enjoined and retrained from establishing any similar agreement or engaging in similar conduct restricting trade or commerce as it relates to the acquisition of real estate assets;

(G) the Court award compensatory damages both general and special;

(H) the Court award punitive damages;

(I) the Court award Plaintiff the costs of this action and reasonable attorneys' fees; and

(J) Any further relief that the Court may deem just and equitable.

Dated: November 10th 2020

_____
Bernardo Mendia, Plaintiff

**VERIFICATION**

I am the Plaintiff in this action. I have read the foregoing complaint and it is true and of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of November 2020.

_____
Bernardo Mendia, Plaintiff

8